UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40146

ROBERT M. McCAFFERY

v.

DAVID L. WINN

ORDER

November 8, 2005

ZOBEL, D.J.

Petitioner, currently incarcerated at Federal Medical Center Devens, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that he has received inadequate medical care for his chronic illnesses and pain, and seeks release to home confinement so that he may be treated by his own physicians. Respondent has moved to dismiss on numerous grounds.

Petitions filed under § 2241 generally challenge the fact or duration of confinement, but actions challenging the conditions of confinement are—in the case of federal inmates—generally brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Kane v. Winn, 319 F. Supp. 2d 162, 213 (D. Mass. 2004); Kamara v. Farquharson, 2 F. Supp. 2d 81, 89 (D. Mass. 1997). The fact that petitioner seeks "relief of a transfer to another facility [i.e., his home] does not transform what is at heart a conditions-of-confinement [case]." Kamara, 2 F. Supp. 2d at 89. I therefore treat the action as a Bivens claim alleging inadequate medical care. See Kane, 319 F. Supp. 2d at 217-18 (adopting such approach).

The administrative exhaustion requirement of the Prisoner Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), governs <u>Bivens</u> actions.  <u>See</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).   Respondent has moved to dismiss on grounds of non-exhaustion, and petitioner has admitted that he has not filed any complaints through the Bureau of Prison's ("BOP") internal grievance procedure.  (Pet., ¶ 15a).  His papers indicate that he believes that exhaustion may be futile because during informal conversations about his medical care, prison officials allegedly told him "This is the best we can do."  (<u>Id.</u> ¶ 15a(2)).  However, futility is not an exception to the PLRA exhaustion requirement.  <u>See</u> <u>Medina-Claudio v. Rodriguez-Mateo</u>, 292 F.3d 31, 35 (1st Cir. 2002).     The action is therefore stayed until December 31, 2005, to allow petitioner to pursue the administrative remedies available to him under the BOP's internal grievance procedure regulations, 28 C.F.R. §§ 542.10-16.  In light of the serious medical problems that petitioner has alleged, and in light of petitioner's scheduled release in July 2006, the parties shall cooperate to conclude administrative resolution of his grievances within the time frame set.

Accordingly, respondent's motion to dismiss (#5 on the docket) is denied, and the action is stayed until December 31, 2005.  The parties shall inform the court of the status of this case by that date.

_____            /s/ Rya W. Zobel_____
   DATE                                     RYA W. ZOBEL
                                                           UNITED STATES DISTRICT JUDGE