UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT M. McCAFFERY, )<br>)<br>Pro se Petitioner, )<br>)<br>v. )<br>)<br>DAVID L. WINN, )<br>)<br>Respondent. ) | Civil Action No. 05-40146-RWZ |

**RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION
FOR RECONSIDERATION AND RENEWED MOTION TO DISMISS**

INTRODUCTION

In this case the pro se Petitioner Robert M. McCaffery, an inmate at the Federal Medical Center at Devens, Massachusetts ("FMC Devens"), seeks relief on account of alleged exceptional medical circumstances and an alleged failure of the Federal Bureau of Prisons ("BOP") to provide adequate medical care. On September 26, 2005, the Respondent moved to dismiss the action on a variety of grounds, including that the Petitioner had failed to exhaust his administrative remedies. The government argued that, insofar as the petition was brought under 28 U.S.C. § 2241, dismissal for failure to exhaust was required under the federal common law doctrine of exhaustion. In addition, the government argued that, to the extent the action was construed as one under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), the exhaustion requirement of the Prisoner Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), required dismissal.

By Order dated November 8, 2005, the Court denied the government's motion to dismiss. The Court concluded that it should treat the action as a <u>Bivens</u> claim alleging inadequate medical care. The Court ruled that the administrative exhaustion requirement of the PLRA applies to <u>Bivens</u> actions, and the Court noted that the Petitioner admitted in his papers that he had not filed any complaints through the Bureau of Prison's ("BOP") internal grievance procedure. Nonetheless, the Court stayed the action until December 31, 2005, "to allow petitioner to pursue the administrative remedies available to him under the BOP's internal grievance procedure regulations, 28 C.F.R. §§ 542.10-16." <u>Order</u> at 2.[1]

As explained below, the Petitioner still has not exhausted his administrative remedies. Regardless, this Court may not properly stay the action to allow Petitioner the opportunity to exhaust his administrative remedies. The Petitioner's failure to exhaust his administrative remedies <u>before</u> commencing his action against the BOP precludes this Court from addressing the merits of his claims.

---

[1] Counsel for the Respondent did not receive notice of the Court's November 8, 2006, Order (or any filings after September 26, 2005) until January 27, 2006. Although the undersigned counsel was correctly identified on the electronic docket as "Lead Counsel," he was not identified therein as "Notice Counsel," and this oversight appears to have resulted in the failure to receive electronic notices. Counsel did not receive any mailed copies of papers filed by the Petitioner.

ARGUMENT

UNDER THE PRISON LITIGATION REFORM ACT A COURT
MAY NOT STAY THE ACTION TO ALLOW
THE PRISONER TO EXHAUST HIS ADMINISTRATIVE REMEDIES

As indicated in the attached Declaration of Stephanie J. Scannell dated January 31, 2006, the Petitioner on December 11, 2005, filed an administrative claim requesting that he be given the medication Nexium. That request was denied by the Warden on December 27, 2005. However, the Petitioner has not properly submitted an administrative appeal to the Northeast Regional Director. Therefore he has not exhausted his administrative remedies.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement applies to a Bivens claim based on inadequate medical care, see Porter v. Nussle, 534 U.S. 516, 524 (2002), and there is no "futility" exception to the requirement. See Booth v. Churner, 532 U.S. 731, 741 n.6 (2001); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002).

In Medina-Claudio, the First Circuit, after ruling that the prisoner in that case was required to exhaust his administrative remedies, considered a request by the prisoner that the case be remanded with orders for a continuance of the proceedings during which the appellant could pursue his administrative remedies. The court of appeals rejected the

request. The court quoted the PLRA's exhaustion requirement, and then stated, "This language clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of suit will not suffice." 292 F.3d at 36 (emphasis added). The court found support in a number of cases from other circuits. Id.

The government notes that the result in Medina-Claudio is consistent with Supreme Court precedent in other statutory arenas. In Hallstrom v. Tillamook County, 493 U.S. 20 (1990), the Supreme Court considered a statutory requirement in the Resource Conservation and Recovery Act that "No action may be commenced . . . prior to sixty days after the plaintiff has given notice of the violation" to the EPA, the State, and the violator. 42 U.S.C. § 6972(b)(1). The plaintiffs had given notice shortly after filing the complaint and before significant litigation had occurred, and they argued that the giving of such notice had cured any defect. The Court concluded that the statute was unambiguous in prohibiting the filing of a suit until after 60 days' notice has been given, and ruled that "[s]taying judicial action once the suit has been filed does not honor this prohibition." 493 U.S. at 309.

The Supreme Court applied similar logic in McNeil v. United States, 508 U.S. 106 (1993), a case arising under the Federal Tort Claims Act ("FTCA"), which requires that administrative remedies be exhausted before suit is filed.[2] In that case the plaintiff filed

---

[2] Title 28 U.S.C. § 2401(b) provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within

suit, and a short time thereafter the administrative remedy was exhausted by the government's denial of the plaintiff's administrative claim. The Court rejected the plaintiff's argument that the suit should be considered to have been "instituted" on the date his administrative claim was denied, concluding that "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." 508 U.S. at 112. The holding in McNeil forecloses any contention here that Petitioner's Bivens claim could be deemed "brought" when his administrative remedies are exhausted, thus allowing this action to go forward.

The Supreme Court and First Circuit cases discussed above indicate that under the PLRA a district court may not stay the action to allow the prisoner to exhaust his administrative remedies. Rather, according to the unambiguous language of the statute, the prisoner must exhaust his administrative remedies before filing suit, not afterwards. The appropriate remedy, therefore, is to dismiss the action without prejudice.

---

two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

## CONCLUSION

For the foregoing reasons, the Court should grant the government's motion for reconsideration and dismiss the action.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

By:   /s/ George B. Henderson, II
        George B. Henderson, II
        Assistant U.S. Attorney
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3272

Dated: January 31, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the pro se Petitioner on January 31, 2006, by regular mail, postage prepaid, addressed to: Robert McCaffery, Reg. # 57977-066, FMC Devens, P.O. Box 880, Ayer, MA 01432.

                                  /s/ George B. Henderson, II
                                  George B. Henderson, II

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT McCAFFERY,  )
    Petitioner,  )
                                )
    v.  )    Civ. Action No. 05-CV-40146
                                )
DAVID L. WINN,  )
    Respondent.  )
                                )

### DECLARATION OF STEPHANIE SCANNELL

I, Stephanie Scannell, hereby make the following declaration:

1. I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice as a Paralegal Specialist at the Consolidated Legal Center located at the Federal Medical Center (FMC) in Devens, Massachusetts. I have been employed at this position since approximately March 9, 2003, and have been with the BOP since approximately October 6, 2002. As Paralegal Specialist, I have access to numerous records regarding prisoners maintained in the ordinary course of business at FMC Devens. This information includes documentary records and computerized records maintained on the Bureau of Prisons computerized data base.

2. The Bureau of Prisons has a three-tiered administrative remedy process which is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement, if less formal procedures have not resolved the problem. This Administrative Remedy Program, detailed at 28 C.F.R. §§ 542.10 et seq., outlines a three-level grievance procedure to resolve prisoner complaints, and federal inmates must adhere to this procedure before filing lawsuits related to conditions of confinement.

3. In order to exhaust all process under the administrative remedy procedure for inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days following the date from which the basis of the complaint occurred. 28 C.F.R. § 542.14. If the Warden denies the Request for Administrative Remedy, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. § 542.15. Along with the appropriate appeal form, the inmate must include one complete copy or duplicate original of the Request for Administrative Remedy and the Warden's response. 28 C.F.R. § 542.15(b). If the Regional Director denies the appeal, the inmate may

appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. 28 C.F.R. § 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

4. I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

5. On January 31, 2006, I ran a SENTRY search to determine if inmate Robert McCaffery, Reg. No. 57977-066, had filed any Administrative Remedies relevant to the allegations in this petition. Review of his Administrative Remedy Record revealed that inmate McCaffery has not exhausted his administrative remedies on the issues that are the subject of this instant petition. A true and accurate copy of the Administrative Remedy Generalized Retrieval for inmate Douglas McCaffery, Register Number 57977-066, is attached as **Document 1a**.

6. On or about December 11, 2005, inmate McCaffery filed a Request for Administrative Remedy with the Warden, requesting the medication Nexium for a pre-existing medical condition. On or about December 27, 2005, the Warden denied inmate McCaffery's request, explaining that in order to receive Nexium, an inmate must meet a certain criteria. According to the response, inmate McCaffery did not meet the criteria to be prescribed Nexium. The response advised that he could purchase a similar drug, Prilosec, from the commissary. A true and accurate copy of the Request for Administrative Remedy, Case Number 397871-F1, and Response, is attached as **Document 1b**.

7. On or about January 10, 2006, inmate McCaffery attempted to submit an Administrative Remedy Appeal to the Northeast Regional Director. On or about January 12, 2006, the Region rejected this appeal because it was not submitted in the appropriate form. Specifically, inmate McCaffery was instructed that he needed to submit a copy of his Request for Administrative Remedy and the Warden's response along with his appeal. He was advised that he could resubmit his appeal and required paperwork in appropriate form within ten days of receipt of the rejection letter.

8. On or about January 23, 2006, inmate McCaffery again attempted to submit an Administrative Remedy Appeal to the Northeast Regional Director. On or about January 24, 2006, the Region rejected this appeal because it was not submitted in the appropriate form. Inmate McCaffery was again instructed that he must submit a copy of his Request for Administrative Remedy and the Warden's response with his appeal. He was advised that he could resubmit his appeal and required paperwork in appropriate form within ten days of receipt of the rejection letter.

9.  As of January 31, 2006, inmate McCaffery has not resubmitted his Administrative Remedy Appeal, nor have his issues been addressed by the Office of General Counsel. As such, inmate McCaffery has not exhausted his administrative remedies.

10. Attached hereto, please find true and correct copies of the following documents:
    a.  Administrative Remedy Generalized Retrieval, dated January 31, 2006, for inmate Douglas McCaffery, Reg. No. 57977-066;
    b.  Request for Administrative Remedy, Case Number 397871-F1, and Response.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 31st day of January, 2006

Stephanie J. Scannell
Paralegal Specialist
FMC Devens

```
            FUNCTION: LST SCOPE: REG    EQ 57977-066       OUTPUT FORMAT: FULL_____
      ------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
EXTENDED: _ REMEDY LEVEL: __         RECEIPT: ___ "OR" EXTENSION: ___
RCV  OFC : EQ ____     ____     ____     ____     ____     ____
TRACK: DEPT: ____     ____     ____     ____     ____     ____
       PERSON: ___     ___     ___     ___     ___     ___
       TYPE: _     _     _     _     _     _
EVNT FACL: EQ ____     ____     ____     ____     ____     ____
RCV FACL.: EQ ____     ____     ____     ____     ____     ____
RCV UN/LC: EQ _____     _____     _____     _____     _____     _____
RCV QTR..: EQ _____     _____     _____     _____     _____     _____
ORIG FACL: EQ ____     ____     ____     ____     ____     ____
ORG UN/LC: EQ _____     _____     _____     _____     _____     _____
ORIG QTR.: EQ _____     _____     _____     _____     _____     _____


G0002         MORE PAGES TO FOLLOW . . .
```

```
REGNO: 57977-066 NAME: MCCAFFERY, ROBERT
RSP OF...: DEV UNT/LOC/DST: J CC              QTR.: J04-401L   RCV OFC: DEV
REMEDY ID: 397871-F1      SUB1: 26DM SUB2:    DATE RCV:   12-11-2005
UNT RCV..: J CC        QTR RCV.: J04-401L     FACL RCV: DEV
UNT ORG..: J CC        QTR ORG.: J04-401L     FACL ORG: DEV
EVT FACL.: DEV     ACC LEV: DEV  1                RESP DUE: SAT  12-31-2005
ABSTRACT.: WANTS NEXIUMFOR PREEXISTING MED CONDITION
STATUS DT: 12-27-2005   STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:          RCT: P EXT:   DATE ENTD: 12-14-2005
REMARKS..:


                   CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
  DATE DUE           DEPARTMENT   TO    DATE ASSN    TRK TYPE     DATE RETURNED
  WED 12-21-2005     MED SVC      DCM   12-14-2005   INV          12-23-2005
  TUE 12-27-2005     CEO          DLW   12-27-2005   SIG          12-27-2005



  G0002        MORE PAGES TO FOLLOW . . .
```

```
REGNO: 57977-066 NAME: MCCAFFERY, ROBERT
RSP OF...: DEV  UNT/LOC/DST: J CC            QTR.: J04-401L    RCV OFC: NER
REMEDY ID: 397871-R1      SUB1: 26DM SUB2:    DATE RCV:    01-10-2006
UNT RCV..: J CC         QTR RCV.: J04-401L    FACL RCV: DEV
UNT ORG..: J CC         QTR ORG.: J04-401L    FACL ORG: DEV
EVT FACL.: DEV    ACC LEV:  DEV   1                  RESP DUE:
ABSTRACT.: WANTS NEXIUMFOR PREEXISTING MED CONDITION
STATUS DT: 01-12-2006  STATUS CODE: REJ STATUS REASON: IRQ OTH RSR
INCRPTNO.:           RCT:    EXT:    DATE ENTD: 01-12-2006
REMARKS..: NEED TO SUBMIT A COPY OF YOUR BP-9 FORM AND A COPY
           OF THE WARDEN'S RESPONSE WITH YOUR APPEAL.



G0002         MORE PAGES TO FOLLOW . . .
```

```
REGNO: 57977-066 NAME: MCCAFFERY, ROBERT
RSP OF...: DEV UNT/LOC/DST: J CC                QTR.: J04-401L    RCV OFC: NER
REMEDY ID: 397871-R2       SUB1: 26DM SUB2:     DATE RCV:    01-23-2006
UNT RCV..: J CC        QTR RCV.: J04-401L       FACL RCV: DEV
UNT ORG..: J CC        QTR ORG.: J04-401L       FACL ORG: DEV
EVT FACL.: DEV     ACC LEV: DEV  1                     RESP DUE:
ABSTRACT.: WANTS NEXIUMFOR PREEXISTING MED CONDITION
STATUS DT: 01-24-2006  STATUS CODE: REJ STATUS REASON: IRQ OTH RSR
INCRPTNO.:          RCT:    EXT:    DATE ENTD: 01-24-2006
REMARKS..: COPY OF BP-9 AND RESPONSE REQUIRED TO PROCESS BP-10.



                3 REMEDY SUBMISSION(S) SELECTED
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

**U.S. DEPARTMENT OF JUSTICE**  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __McCaffery, Robert, M__   __57977-066__  __JB__   __FMC Devens__
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST**

to have Nexium made available by Rx to inmate. Drug is necessary for digestion and is only Rx to prevent heartburn and acid reflux.

__12/9/05__                                          __[signature]__
DATE                                                 SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
DEC 1 3 2005
WARDEN'S OFFICE

_____                                _____
DATE                                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE              CASE NUMBER: __397871-F1__

                                                             CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____                                _____
DATE                                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #397871-F1**

This is in response to your Request for Administrative Remedy received on December 13, 2005, wherein you request the medication Nexium for indigestion, to prevent heartburn and prevent acid reflux.

An investigation concerning your request revealed the following. Nexium is a non-formulary medication. According to the Bureau of Prisons National Formulary, in order to use a proton pump inhibitor, such as Nexium, you have to meet certain criteria. After reviewing your medical file, you do not meet the criteria to be prescribed Nexium. You may purchase Prilosec (Omeprazole), a similar proton pump inhibitor from the commissary.

Based on the above, your Request for Administrative Remedy has been denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____                    12/27/15
David L. Winn, Warden                          Date